

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
10/10/2017

| | | |
|---|---|---|
| IN RE | § § § | |
| PEGGY ANNETTE THIERRY, | § § | CASE NO. 16-36583-H5-13 |
| Debtor, | § § § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF FROM STAY, ABATING DEBTOR'S MOTION TO AVOID LIEN AND GRANTING SANCTIONS AGAINST OVATION RENTALS, LLC

Before the Court are Ovation Rentals, LLC's (Ovation) motion for relief from stay (Docket No. 46) and Debtor's response (Docket No. 47) requesting avoidance of Ovation Rentals, LLC's lien and sanctions for violation of the automatic stay. Following a hearing and review of the evidence the Court denies Ovation's motion for relief from stay, abates Debtor's motion to avoid the foreclosure sale, and awards Debtor's attorney fees for defending Ovation's motion.

### I. The Foreclosure Sale

On November 30, 1999, Peggy Annette Thierry, a/k/a Peggy O'Neal ("Debtor") and Leo W. Woods bought a home located at 8454 Lake Crystal, Houston, Texas. (Ovation Exhibit 2). Debtor and Woods executed a note and deed of trust securing the property. (Ovation Ex. 1). Ocwen Loan Servicing, LLC (Ocwen) serviced the loan. (Docket No. 55, Para. 3). Woods conveyed his interest in the property to Debtor on October 12, 2000. (Ovation Exhibit 3).

On September 26, 2014, Ocwen gave notice of a foreclosure sale to take place on November 4, 2014. (Ovation Ex. 4). No foreclosure sale took place in 2014.

Debtor and Ovation stipulate that on December 6, 2016, over two years after the notice of foreclosure sale, Ocwen conducted a non-judicial foreclosure sale, and sold the property to Ovation for $113,000. (Docket No. 55, Para. 5). By letter dated December 19, 2016. Ovation demanded that Debtor vacate the property. (Docket No. 55, Para. 6).

## II. The Bankruptcy Case

On December 28, 2016, Debtor filed the Chapter 13 petition in this case. Beginning on December 31, 2016, Debtor listed Ovation on the mailing matrix. ( Doc. 1, p.16) Doc. 55, Para. 8). Ovation admits it received the notices, but contends it did not realize the notices pertained to Debtor because they reflected Debtor's name as Peggy Thierry, while Ovation's records identified her as Peggy O'Neal. Nevertheless, Ovation's counsel acknowledged that Ovation received notices in this case identifying Peggy O'Neal as a name Debtor has used.[1]

In the case at bar Debtor filed a motion to extend stay on January 4, 2017. (Doc. 21). Ovation received notice of both this motion and the hearing. Ovation failed to respond. The Court granted the motion to extend stay on January 24, 2017. (Doc. 29).

## III. Ovation's Stay Violations

On February 14, 2017, after Debtor filed the petition in this case and after the Court extended the stay, Ovation recorded the deed it received from the December 6, 2016 sale. (Docket No. 55, Para. 12). On February 24, 2017, Ovation sued Debtor in state court for

---

[1]This Chapter 13 case, No.16-36583, is Debtor's second case filed in 2016. Debtor filed No. 16-30983-H5-13 pro se. The Court dismissed this case on March 15, 2016 for failure to file a mailing matrix. (Doc. 12, Case 16-30983-H5-13).

eviction. (Id. Para. 13). On March 17, 2017, Ovation obtained a default judgment in state court. (Id. Para. 14).

> Debtor and Ovation stipulate:
>
> 16. On April 6, 2017, counsel for Movant emailed counsel for Debtor regarding the default judgment and Movant's intent to proceed with a forcible set out. Counsel for Debtor responded that same day stating that the eviction proceeding was in violation of the automatic stay, to which the Movant replied reiterating that they were initially unaware that Debtor, Ms. Theirry, was the same person as the Property owner known as "Mrs. O'Neal". Further, the Movant felt sanctions were inappropriate since Debtor filed for bankruptcy after the sale of the property, stating that it believed the Property was not part of the bankruptcy estate. *See* Exhibit E.

(Docket No. 55, Para. 16.)[2]

IV. The Court Awards Debtor's Attorney Fees as Damages for Ovation's Violation of Stay

Section 362 stays the commencement or continuation of a judicial proceeding against the Debtor, and any act to obtain possession of property of the estate. 11 U.S.C. §§ 362(a)(1), 362(a)(3). Property of the estate includes all legal or equitable interest of the Debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1).[3] The stay also protects property that is arguably property of the estate. *In re Chesnut*, 422 F.3d 298 (5th Cir. 2005).

---

[2]The parties have not offered Exhibit E.

[3]Section 541(a)(1) contains exceptions not pertinent to this case.

P:\thierry.20171010.wpd                                3

Section 362(k) provides:

(k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

(2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

11 U.S.C. § 362(k).

A willful violation of the automatic stay occurs when a creditor, with knowledge of the stay, seizes the debtor's property without first obtaining relief from stay from the bankruptcy court. *Chesnut*, 422 F.3d, at 300. Whether the party believes in good faith that it had a right to the property is not relevant to a determination of whether the act was willful or whether compensation should be awarded. *Id.* at 302.

In this case, the automatic stay was in effect. Ovation filed the deed and then sued Debtor to recover the property, without seeking relief from stay. To date Debtor has incurred damages consisting of $2,872.50 in attorney fees.[4]

The Texas Supreme Court has held that any actions by a party in violation of the automatic stay are void. *Continental Casing Corp. v. Sameden Oil Corp.*, 751 SW2d 499 (Tex 1988). Consequently, Ovations' recordation of the deed to Debtor's property is void. However, procedurally, Debtor's motion to void Ovation's "lien" or its claim to her home should have been brought in an adversary proceeding. *See* Rule 7001(2), Fed.R.Bankr.P. Moreover, the absence of Ocwen as a necessary party to these proceedings is problematic. Consequently, this Court will reserve any further ruling on Debtor's request for relief until Debtor files an adversary

---

[4]This amount appears in the invoice Debtor's counsel submitted. (Docket No. 56).

proceeding.

Debtor is ordered to file its adversary proceeding within 21 days of today's date.

Signed at Houston, Texas on October 10, 2017.

　　　　　　　　　　　　　　　　　　　　／s／ Karen K. Brown
　　　　　　　　　　　　　　　　　　　　KAREN K. BROWN
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE